## 536 CALEDONIA COUNTY.

Mathews *v.* Felch et al.

LUTHER C. MATHEWS *v.* JOSEPH FELCH, GEORGE A. BABCOCK, AND REUBEN B. COBLEIGH.

*Book Account. Partnership. Liability of Partners.*

Where the auditor found that the conduct and sayings of the defendants, (who were engaged in the business of butchering,) all the time they were so engaged, was such as to justify the universal belief, in the neighborhood, and among those with whom they dealt, that they were in partnership, *it was held,* that this was sufficient to render them liable, as partners, for property bought of the plaintiff by one of the defendants, who said at the time, that they were in company, and that the property was, for the company.

That a witness has a suit pending for a similar claim, is no legal objection to his competency.

BOOK ACCOUNT. Judgment to account was rendered in the County Court, and an auditor was appointed, who reported the following facts :

That account of plaintiff was for cattle, and that early in the spring of 1851, the defendants, Cobleigh, and Babcock, entered into a verbal agreement, for carrying on the butchering business together.

That shortly after they commenced business, Babcock, at the request of Cobleigh, called upon the defendant Felch, and requested him to call on said Cobleigh, and make some arrangement to butcher

with them. That Felch soon came, and made an arrangement with Cobleigh to butcher with him and Babcock; but no terms were settled on between them, except that Felch was to help butcher and sell meat, and account for what meat he. took ; and no agreement was entered into between Babcock and Felch, except as to what places each was to sell meat at.

That Cobleigh, made the purchase of the cattle of the plaintiff, charged in the account, and at the time he did so, told the plaintiff that the three defendants were in company, and that the cattle were for the company. That each of the defendants participated, to some extent, in the taking and delivery of the cattle.

The plaintiff offered one Calvin Wood, as a witness to prove the admissions of the defendants that they were partners. The defendants objected , on the ground that said Wood has a suit now pending against the defendants, in which the same issue is involved; the objection was overruled, and the testimony admitted.

The auditor further found, that the defendants carried on their business together, at East St. Johnsbury, and all worked in the same building, and upon the same cattle. That they frequently bought cattle together; and always represented that they were interested and in company, until they became insolvent, and about the time this suit was brought.

That all the time that the defendants were engaged in business, their conduct and sayings were such as to justify the universal belief, in the neighborhood of their operations, as well as on the part of those with whom they dealt, that the three defendants were partners.

The County Court,—POLAND, J., presiding,—adjudged that the plaintiff was entitled to recover ; to which decision the defendants excepted.

*J. D. Stoddard* for defendants.

There was no agreement between the defendants, by which they were partners *inter se.* " Felch was to help the other defendants " butcher and sell meat, and was to pay them for what he sold."

To enable the plaintiff to recover in this form of action, the right to charge the defendants jointly, must exist at the time the cattle were sold and delivered, and not depend upon the happening of subsequent events. *Slason* v. *Davis et al.,* 1 Aik. 73. This

XXV. ·    35

right did not exist as there was not a joint purchase. If the representations of Cobleigh were made with a design to give notice of the partnership, and to purchase the cattle upon that credit, and they were so delivered by the plaintiff, the statement being untrue, would give the plaintiff no immediate right of action against Felch whatever. 4 Starkie on Ev. 1072–3 and 4. *Sayville* v. *Robertson,* 4 T. R. 720.

The evidence, as to the admissions of Cobleigh, tending to establish a partnership was incompetent; for this reason judgment should be reversed and the report set aside. *Whiting* v. *Ferriss,* 10 Johns, 66. *Tuttle* v. *Cowper,* 4 Pick. 414. *Robbins* v. *Willard,* 5 Pick. 567.

*O. T. Brown* for plaintiff.

That each of these defendants may be witnesses against the other is settled in *Keeler et al.* v. *Mathews et al.,* 17 Vt. 125 ; if that be so, why may the admissions of one not be used against the others, when the admissions are consistent with the acts of the defendants, and explain the nature of their business relations. *Gilchrist* v. *Toby et al.,* 21 Vt. 306. *Hicks et al.* v. *Cram et al.,* 17 Vt. 449.

We insist, that the facts found by the auditor clearly prove the defendants to have been partners, and jointly liable to the plaintiff; and the following cases fully sustain the doctrine contended for by plaintiff. *Kelloyg* v. *Hubbard,* 12 Vt. 291. *Cottrill* v. *Vanduzen,* 22 Vt. 511. *Stearns* v. *Haven et al.,* 14 Vt. 540. *Forbes et al.* v. *Davison,* 11 Vt. 660.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question made, in the present case, is whether the defendants are jointly liable for the plaintiff's account. The auditor reports, what we must regard as equivalent to saying, that the plaintiff delivered the articles charged, on the credit of all the defendants. Plaintiff was told, at the time of the purchase, " that the three defendants were in company, and that " the cattle were for the company."

2. The defendants all, at different times, probably, participated in the delivery of the different items.

3. " The plaintiff offered evidence of the admissions of all the " defendants, that they were in partnership." The objection to

plaintiff's witness, that he had a suit pending for a similar claim, is no legal objection to his competency, as has often been decided.

4. The report says, " the defendants carried on the business to-" gether,—bought cattle together. They always represented, that " they were all interested, and that they were in company, until they " became insolvent; their conduct and sayings were such, (all the " time they were so in business,) as to justify the universal belief, in " the neighborhood, and among those with whom they dealt, that " they were in partnership." This seems to us all that is nesessary, and abundant, to render them liable as partners for this account.

Judgment affirmed.